UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AMY BISHOP ANDERSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:25-cv-00210-MHH-SGC |
| STATE OF ALABAMA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 2254, Amy Bishop Anderson challenges her 2012 convictions for capital murder and attempted murder in the Circuit Court of Madison County, Alabama. (Doc.1). On February 13, 2025, the magistrate judge entered a report in which she recommended that the Court dismiss Ms. Anderson's habeas petition for lack of jurisdiction because Ms. Anderson already has filed a habeas petition concerning her conviction. (Doc. 5). Ms. Anderson has filed objections to the report. (Doc. 6).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3)

("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In her objections, Ms. Anderson contends that this matter is not a second or successive petition because her petition in this case rests on new evidence that was not available to her when she filed her first § 2254 petition, *Anderson v. Wright*, Case No. 18-00971-MHH-SGC. For this second habeas petition, Ms. Anderson relies on a study published in the *British Medical Journal* in 2022. Ms. Anderson contends that the study shows that prescription steroid users experience structural changes in their brains. Ms. Anderson contends that because she was prescribed steroids to treat allergies, she experienced these structural changes, and the changes caused her to have steroid psychosis during the shootings that form the basis of her state court convictions. Ms. Anderson asserts that the psychosis negates the specific intent required for murder. (Doc. 1, p. 5; Doc. 6, pp. 1-2, 11). Ms. Anderson presented these claims in state court in 2023 via a Rule 32 petition. (*See* Doc. 1, pp.

2

5-6; Doc. 1-1, p. 23).

In a memorandum opinion addressing Ms. Anderson's first habeas petition, the Court explained that Ms. Anderson asserted that "her attorneys did not adequately explore her defenses." (Case No. 18-00971-MHH-SGC, Doc. 32, p. 3). The Court continued:

> Ms. Anderson asserts that when she opened fire in a faculty meeting at the University of Alabama at Huntsville, (Doc. 8-23, p. 99; Doc. 8-29, p. 2), she was suffering from steroid psychosis, a condition which rendered her incompetent and unable to form the intent that the State must prove to obtain a guilty verdict on charges of capital and attempted murder. She argues that she blacked out while she shot her colleagues, leaving three colleagues dead and three wounded. (Doc. 26, pp. 1, 9).

(Case No. 18-00971-MHH-SGC, Doc. 32, pp. 3-4). The Court noted that at Ms. Anderson's capital murder trial:

> to establish intent, the State of Alabama presented evidence of the steps that Ms. Anderson took to prepare for the February 12, 2010 shooting. That evidence included evidence that Ms. Anderson visited a firing range one week before the shooting. (Doc. 8-23, p. 103). The State also offered evidence of the steps that Ms. Anderson took to hide the gun and other evidence of her crime after the shooting. (Doc. 8-23, p. 100).

(Case No. 18-00971-MHH-SGC, Doc. 32, p. 5). The Court reasoned that this circumstantial evidence of intent undermined Ms. Anderson's contention that the result in her state criminal case would have changed had she been able to offer evidence to support her steroid psychosis defense. (Case No. 18-00971-MHH-SGC, Doc. 32, p. 7); *see also* (Case No. 18-00971-MHH-SGC, Doc. 32, pp. 9-10 n. 5) ("There is nothing in the record in this case that suggests that testimony from an

3

expert that Ms. Anderson experienced an episode of steroid psychosis when she shot her colleagues would have caused the jury to return a different verdict, given the evidence of intent in the record.").

To promote the finality of federal habeas determinations, by federal statute, a district court must dismiss a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1).[1] As demonstrated, in response to Ms. Anderson's first habeas petition, this Court addressed her steroid psychosis theory and denied Ms. Anderson's petition on the merits. The Eleventh Circuit denied a certificate of appealability on the same issue. (Case No. 18-00971-MHH-SGC, Doc. 32, pp. 4-6, 9-10; Case No. 18-00971-MHH-SGC, Doc. 46).

The new steroid psychosis evidence that Ms. Anderson cites in her current petition does not automatically open the door to a second habeas petition because "federal courts will not consider new factual grounds in support of the same legal claim that was previously presented." *Pizzuto v. Blades*, 673 F.3d 1003, 1008 (9th Cir. 2012) (quotation marks omitted); *see In re Hill*, 715 F.3d 284, 292 (11th Cir. 2013) ("new supporting evidence is insufficient to avoid § 2244(b)(1)'s scope"). Because Ms. Anderson presented her steroid psychosis theory "in a prior

---

[1] Even when a successive habeas petition presents a new claim, the petition is subject to an exacting standard. 28 U.S.C. § 2244(b)(2).

4

application," 28 U.S.C.§ 2244(b)(1), she may not proceed with a second petition unless she obtains permission from the Court of Appeals to proceed.

Therefore, the Court overrules Ms. Anderson's objections, adopts the magistrate judge's report, and accepts her recommendation. By separate order, the Court will dismiss Ms. Anderson's second habeas petition for lack of jurisdiction because she did not receive permission from the Eleventh Circuit Court of Appeals to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). To pursue her petition, Ms. Anderson first must obtain permission from the Eleventh Circuit Court of Appeals to file a second petition regarding steroid psychosis. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

**DONE** and **ORDERED** this May 15, 2025.

*[signature: Madeline H. Haikala]*

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

5